Joe Coffey, etc., *v.* Stokes & Son and Others.

**Appeal—Unsigned Brief.**

    A brief not signed by a party or his regular licensed attorney, can not avail anything.

APPEAL FROM MARION CIRCUIT COURT.

February 25, 1873.

Opinion by Judge Lindsay:

The judgment from which this appeal is prosecuted directs that the claims of John G. Stokes & Son, John G. Baxter, Murrell & Wells, and W. B. Belknap shall be paid in full out of the moneys received by Jos. Coffey and Mrs. E. R. Coffey, on account of certain policies of insurance taken out for their benefit by the intestate a short time prior to his death.

These claims amount in the aggregate to less than $2,500, or about one-third of the moneys received by Mrs. E. R. Coffey from the St. Louis Mutual Insurance Company. After their payment there will still remain in her hands a considerable amount, which, according to the opinion heretofore rendered in this cause, 8 Bush 533, can be applied to the payment of her late husband's debts. Hence appellants, Dorinda T. McBeath, the Administratrix of Monah McBeath, deceased, the Guardian of Antoinette McBeath, the Administrator of E. K. McBeath and S. S. Dunbar, have no ground or right to complain, although they, or some of them, may hold preferred claims against the estate of the intestate. In no event, however, can they interfere with the rights acquired by appellees by the prosecution of their suit against Joseph and Mrs. Coffey.

The funds in their hands could not be reached by the administrator. These creditors undertook the litigation, incurred the necessary expense, and risked the result. These appellants can not now be allowed to deprive them of the fruits of their success.

We do not deem it necessary to express an opinion as to the effect of the amendment to the charter of the Kentucky Southern Mutual Life Company, approved January 15, 1867, which has again been called to our attention.

This court has already decided that Mrs. Coffey is entitled to the money received by her on the policy taken out in that company, and it is certainly immaterial to her whether we make her right depend upon this amendment, or upon the fact that the creditors failed to show that the premiums were paid by her husband.

Joseph Coffey appeals from the judgment directing him to pay a small amount out of the money received by him on the claims of Stokes & Son and others. There is an unsigned paper on file purporting to be a brief in his behalf. He has the right to be heard in this court by himself or by attorney. If he sees proper to appear by brief, he must sign it himself, or cause it to be signed by some regularly licensed attorney. Otherwise it will not be considered. Aside from this the paper fails to call the attention of the court to those parts of the record showing the date upon which the circuit court based so much of the judgment as relates to him.

The judgment in all its details is *affirmed.*

*Russell & Averitt, for appellants.*

*Rountree, for appellees.*